JAMES M. HATCHER v. L. A. PELHAM, ADMINISTRATRIX.

Where cotton was delivered to a bailee to sell at a limited price in Confederate money, and the bailee, failing to get the price, converted it to his own use, the measure of damages (under the peculiar circumstances) was the value of the cotton at the time and interest upon that value until the trial.

APPEAL from Panola. The case was tried before Hon. M. D. ECTOR, one of the district judges.

The facts agreed on were as follows: The defendant was ntrusted with four bales of the plaintiff's cotton, to carry it to Navasota and sell it for forty cents a pound in Confederate money. Failing to get the price, he deposited it in a warehouse, and drew thirty-six cents a pound on it for his own use, and the cotton was sold to indemnify this advance. It was a conversion, and the question was the measure of damages.

The jury returned a verdict of $60, and the plaintiff appealed. The error complained of was, that the court instructed the jury to find the value of the cotton at forty cents per pound, Confederate money, and then find the value of the Confederate money, which was proved to be less than six cents for a dollar.

*Thomas J. Jennings,* for appellant, cited the rule in Pridgen v. Strickland, 8 Tex., 433. He insisted that the plaintiff was entitled to the highest price of the article at any time before trial. (Randon v. Barton, 4 Tex., 289; Leavitt v. McFaddin, 13 Tex., 324; Greening v. Wilkinson, 1 C. & P., 625; Corlelyon v. Lansing, 1 Caines' Cases in Error, 215, and the cases there cited by Chancellor Kent.)

*W. R. Poag,* also for appellant.

No brief for appellee has been furnished to the *Reporter.*

MORRILL, C. J.—The plaintiff's cause of action is alleged to be a disregard of the orders of plaintiff by defendant in the disposition of four bales of cotton placed in defendant's hands by plaintiff to sell at a certain price, which defendant sold at a less price than the one agreed upon.

We see enough in the record to satisfy us that the judgment is erroneous. Under the peculiar circumstancs of the case, we consider that the jury should be instructed to ascertain the value of the cotton in lawful money of the United

States at the time the defendant sold it. And this sum, with interest upon the same from that time to the rendition of the judgment, should be their verdict.

REVERSED AND REMANDED.